IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSSELL K. SHOWERS,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **SUPERINTENDENT JOHN** ) <br> **KERESTES ; DISTRICT ATTORNEY** ) <br> **OF WESTMORELAND COUNTY;** ) <br> **and the ATTORNEY GENERAL OF** ) <br> **THE STATE OF PENNSYLVANIA,** ) <br> ) <br> Respondents. | Civil Action No. 11-950 <br><br> Magistrate Judge Cynthia Reed Eddy |

## MEMORANDUM OPINION AND ORDER

Petitioner has moved for the appointment of counsel to assist him in litigating his Petition for Writ of Habeas Corpus. The constitutional right to counsel in a non-capital case extends only through trial and the first appeal as of right. McClesky v. Zant, 499 U.S. 467, 495 (1991). There is no constitutional right to counsel in federal habeas corpus proceedings. Wright v. West, 505 U.S. 277, 293 (1992); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("[the Supreme Court] had never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions"); Government of Virgin Islands v. Warner, 48 F.3d 688, 692 (3d Cir. 1995).

It is extremely difficult to locate counsel who are trained in this area of law and willing to accept these cases on a *pro bono* basis. Except in those habeas corpus cases where an evidentiary hearing is required, and not until that time, is the appointment of counsel required. *See* Rules Governing Section 2254 Cases, Rule 8 (c). Prior to such occurrence, the appointment of counsel is discretionary when it is in the interest of justice to do so.

1

In this regard, 18 U.S.C. § 3006A(a)(2)(B) provides that the court has the discretion to appoint counsel in such cases when the court determines that the interests of justice so require. The exercise of discretion in this area is guided by certain basic principles. When applying this standard and exercising its discretion in this field, the court should determine both whether the petition presents significant non-frivolous legal issues and if the appointment of counsel will benefit the petitioner and the court in addressing these claims. Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991). In making this determination, factors influencing a court's decision on a request for appointment of counsel include the complexity of the factual and legal issues in a case as well as the petitioner's ability to present these claims. *Id.* at 264. Where the issues in a habeas petition are straightforward and capable of resolution on the record, or where the petitioner demonstrates a good understanding of the issues and displays the ability to forcefully and coherently present his contentions, appointment of counsel is unnecessary. *Id.* These considerations require an assessment of both the legal complexities of a petition as well as an informed judgment regarding the ability of the petitioner to articulate the claims set forth in a petition.

In the present case, Petitioner's issues are straightforward and are capable of resolution on the record. An Answer has been filed and Petitioner submitted a lengthy response (65 pages) wherein he forcefully and coherently presented his contentions (ECF No. 21). Upon review of Petitioner's submissions to the Court, the record does not reflect an inability on the part of Petitioner to understand the underlying issues and address them in a coherent manner. An assessment of the applicable factors reveals that justice does not require the appointment of counsel at this time. Accordingly, Petitioner's motion for appointment of counsel will be denied. *Accord* Weddington v. Coleman, Civil No. 08-1765 (E.D. Pa. Aug. 11, 2008).

The Court is aware that Rule 17(c)(2) of the Federal Rules of Civil Procedure provides an alternate authority for appointing counsel in limited circumstances, none of which are present in the instant action. *See* Powell v. Symons, Civil No. 10-2157, 2012 WL 1066740 (3d Cir. March 30, 2012). In that case, the Court determined that under Fed.R.Civ.P. 17(c)(2), a district court has an obligation to protect a minor or incompetent person who is unrepresented in an action. In so ruling, however, the Court specifically cautioned as follows.

> [A] district court need not inquire *sua sponte* into a *pro se* plaintiff's mental competence based on a litigant's bizarre behavior alone, even if such behavior may suggest mental incapacity. That is an important limiting factor as to the application of Rule 17. The federal courts are flooded with *pro se* litigants with fanciful notions of their rights and deprivations. We cannot expect district judges to do any more than undertake a duty of inquiry as to whether there may be a viable basis to invoke Rule 17. That duty of inquiry involves a determination of whether there is verifiable evidence of incompetence.

Powell, 2012 WL 1066740, at *4.

Accordingly, a court is not required to conduct a *sua sponte* determination whether an unrepresented litigant is incompetent **unless the Court is presented with some verifiable evidence of incompetence.** Specifically, evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent would trigger the Court's mandatory duty of inquiry under Rule 17. *Id.* at *5.

Powell was a consolidated case consisting of two different plaintiffs. The Court of Appeals held that the duty under Rule 17(c)(2) was triggered in each of these cases based on the following facts. First, the Plaintiff Powell had been adjudicated incompetent in a simultaneous criminal proceeding and the Magistrate Judge was on notice of that adjudication. Second, the

3

Plaintiff Hartman had filed with his motion for appointment of counsel a letter from a psychiatrist that stated her opinion that he was not competent to represent himself in court.

In the instant action, while Petitioner makes bald allegations of mental illness, he has failed to submit any verifiable evidence of incompetence to this Court. Thus, in accordance with the Court of Appeals' directive in Powell, this Court has no duty to conduct a *sua sponte* determination of competency under Rule 17(c)(2).

In addition, Petitioner's request for discovery will be denied. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Although Rule 6 of the Rules Governing Habeas Corpus Cases Under Section 2254 allows for discovery in a habeas action, leave of court is required and will only be granted where good cause is shown. In order to establish good cause a petitioner must point to specific evidence that might be discovered that would support a constitutional claim. Bracy, 520 U.S. at 908-09. Reasons must be provided as to why discovery is requested and the request must include any proposed interrogatories and requests for admission, and must specify any requested documents. *Id.* Moreover, a petitioner must show that this Court may even review any new evidence in light of the recent decision in Cullen v. Pinholster, ___ U.S. ___, 131 S.Ct. 1388, 1398 (2011) wherein the Supreme Court held that federal habeas review under 28 U.S.C. § 2254(d)(1) "is limited to the record that was before the state court that adjudicated the claim."

In this case, Petitioner has failed to make any specific allegations which give the Court reason to believe that he may be able to demonstrate through further discovery that he is entitled to relief. Nor has he pointed to specific evidence that might be discovered that would support his habeas claims. Respondent appears to have submitted all of the relevant records in this case. If,

in reviewing the record when considering the petition the court finds additional records are necessary, the parties will be so advised. As Petitioner has failed to establish "good cause," his request for discovery will be denied. *Accord* Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), *cert denied*, 512 U.S. 1230 (1994). Accordingly, the following order is entered:

**AND NOW**, this 27th day of April, 2012;

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel and Order for Discovery (ECF No. 22) is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and the Local Rules of Court, the parties are allowed fourteen (14) days from the date of issuance of this Order to file an appeal to the District Judge. Any party opposing the appeal shall have fourteen (14) days from the date of service of the notice of appeal to respond thereto. Failure to file a timely notice of appeal may constitute a waiver of any appellate rights.

*[signature]*
Cynthia Reed Eddy
United States Magistrate Judge

Russell K. Showers
GB-4300
SCI Mahanoy
301 Morea Road
Frackville, PA 17932