IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RUSSELL K. SHOWERS**,  )<br>  )<br>Petitioner,  )<br>  )<br>v.  )<br>  )<br>**SUPERINTENDENT JOHN**  )<br>**KERESTES ; DISTRICT ATTORNEY**  )<br>**OF WESTMORELAND COUNTY;**  )<br>**and the ATTORNEY GENERAL OF**  )<br>**THE STATE OF PENNSYLVANIA**,  )<br>  )<br>Respondents. | Civil Action No. 11-950<br><br>District Judge Joy Flowers Conti<br>Magistrate Judge Cynthia Reed Eddy |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner, Russell K. Showers, a state prisoner incarcerated at the State Correctional Institution in Mahanoy, Pennsylvania, has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

### A. Relevant Procedural History

On October 8, 2004, following a jury trial in the Court of Common Pleas of Westmoreland County, Petitioner was adjudged guilty of three counts of Involuntary Deviate Sexual Intercourse, one count of Sexual Assault, and two counts of Aggravated Indecent Assault. On December 21,

1

2004, Petitioner was sentenced to an aggregate term of imprisonment of from 18 to 36 years. Petitioner filed a timely notice of appeal and on February 23, 2006, the Superior Court of Pennsylvania affirmed his judgment of sentence (ECF No. 18-5, pp. 2-12). Petitioner filed a timely Petition for Allowance of Appeal to the Supreme Court of Pennsylvania, which was denied by that Court on November 21, 2006 (ECF No. 18-6, p. 39).

On September 7, 2007, Petitioner filed a petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. On May 27, 2008, the PCRA Court denied Petitioner's PCRA Petition. Petitioner filed a timely Notice of Appeal and on May 1, 2009, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner PCRA relief. Petitioner filed a Petition for Allowance of Appeal in the Supreme Court of Pennsylvania, which was denied by that Court on October 22, 2009. Petitioner's federal Petition for Writ of Habeas Corpus was executed on July 18, 2011.

### B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws impose a one-year limitations period applicable to state prisoners, which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

>
> laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

In analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, on direct appeal, the Supreme Court of Pennsylvania denied Petitioner's Petition for Allowance of Appeal on November 21, 2006. Consequently, direct review of Petitioner's conviction became "final" on or about February 19, 2007, *i.e*, the date of the expiration of the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See* Jimenez v. Quarterman, 555 U.S. 113, 120 (2009) (judgment became final

3

when time for seeking certiorari review in Supreme Court expired); Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the time limit (90 days) for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999) (same for 28 U.S.C. § 2255 motions). Thus, Petitioner had one year from that date, *i.e.*, until February 19, 2008 to file a federal habeas corpus petition challenging his conviction.

In the case at bar, however, Petitioner did not file his federal habeas petition by February 19, 2008; instead, his federal habeas corpus petition was not filed in this Court until July 18, 2011, the date he signed his Petition. Thus, this court must determine whether Petitioner can take advantage of the statutory tolling provision in section 2244(d)(2). In this regard, as stated above, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

With respect to the instant petition, Petitioner's one-year limitations period began running on February 20, 2008 and continued to run until September 7, 2008, the date he filed his PCRA petition. From February 20, 2008 until September 7, 2008, two-hundred (200) days had run on Petitioner's one-year limitations period; one-hundred and sixty-five (165) days remained. Petitioner's one-year AEDPA limitations was tolled while he was pursuing his PCRA proceeding from September 7, 2008 through October 22, 2009, the date the Supreme Court of Pennsylvania denied his Petition for Allowance of Appeal. *See* Stokes v. District Attorney of County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001) (holding that the time during which a state prisoner

may file a petition for a writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the statute of limitations on filing a habeas petition). Petitioner's limitations period began running again on October 23, 2009 and expired 165 days later on April 6, 2010.

Petitioner's one-year limitations period ended on April 6, 2010. Unfortunately for him, Petitioner did not file his federal habeas corpus petition until July 18, 2011, over one year after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus and his attachments do not indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*, Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004) (finding that attorney malfeasance, without more, is not an extraordinary circumstance sufficient to warrant equitable tolling); Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

Moreover, the Court of Appeals recently reiterated that mental incompetence is not a *per se* cause for equitable tolling. *See* Champney v. Secretary Pennsylvania Dept. of Corrections, 469 Fed. App'x 113, 117 (3d Cir. 2012) (citing Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001)). For tolling to be appropriate, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely action. *Id.* Moreover, the burden is on the petitioner to demonstrate with particularized description the causal relationship between the mental deficiency

and the failure to timely file the petition. *Id*. Factors to consider in determining whether the petitioner has met this burden include: 1) whether the petitioner was adjudicated incompetent and, if so, when did the adjudication occur in relation to the habeas statutory period; 2) whether the petitioner was institutionalized for his mental impairment; 3) whether the petitioner handled or assisted in other legal matters which required action during the federal limitations period; and 4) whether the petitioner supported his allegations of impairment with extrinsic evidence such as evaluations and/or medications. *Id*. (internal citation omitted).

There is no evidence in this case that Petitioner has ever been adjudicated incompetent or institutionalized for his alleged mental impairments. Moreover, while Petitioner complains that he suffers from attention deficit disorder and bipolar disorder, he has failed to substantiate these claims with any extrinsic evidence consisting of mental health evaluations and/or medications he has been prescribed. More importantly, he asserts that he suffers from depression, a condition that this Court holds does not constitute an extraordinary circumstance sufficient to warrant equitable tolling. Significantly, Petitioner presents no evidence to suggest that his mental impairments affected his ability to make a timely filing. Thus, the extraordinary remedy of equitable tolling is not warranted here.

The discussion above reveals that the petition for writ of habeas corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). Consequently, it is recommended that the Petition be dismissed as untimely.

### C. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a

habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrate Judges, the parties are allowed fourteen (14) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

/s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

Dated: August 27, 2012

Russell K. Showers
GB-4300
SCI Mahanoy
301 Morea Road
Frackville, PA 17932